# PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

Name __Lewis_____Ted_____Jr._____
     (Last)            (First)         (Initial)

Prisoner Number __P-21012__

Institutional Address __CSP-Solano, P.O. Box 4000, 2-204__

__Vacaville, Ca. 95696-4000__

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

TED LEWIS JR.
_____
(Enter the full name of plaintiff in this action.)

vs.

D.K. SISTO, Warden
_____
_____
_____
(Enter the full name of respondent(s) or jailor in this action.)

Case No. __CV 08 1478__
(To be provided by the clerk of court)

PETITION FOR A WRIT
OF HABEAS CORPUS

(PR)

Read Comments Carefully Before Filling In

## When and Where to File

You should file in the Northern District if you were convicted and sentenced in one of these counties: Alameda, Contra Costa, Del Norte, Humboldt, Lake, Marin, Mendocino, Monterey, Napa, San Benito, Santa Clara, Santa Cruz, San Francisco, San Mateo and Sonoma. You should also file in this district if you are challenging the manner in which your sentence is being executed, such as loss of good time credits, and you are confined in one of these counties. Habeas L.R. 2254-3(a).

If you are challenging your conviction or sentence and you were not convicted and sentenced in one of the above-named fifteen counties, your petition will likely be transferred to the United States District Court for the district in which the state court that convicted and sentenced you is located. If you are challenging the execution of your sentence and you are not in prison in one of these counties, your petition will likely be transferred to the district court for the district that includes the institution where you are confined. Habeas L.R. 2254-3(b).

PET. FOR WRIT OF HAB. CORPUS          - 1 -

Who to Name as Respondent

You must name the person in whose actual custody you are. This usually means the Warden or jailor. Do not name the State of California, a city, a county or the superior court of the county in which you are imprisoned or by whom you were convicted and sentenced. These are not proper respondents.

If you are not presently in custody pursuant to the state judgment against which you seek relief but may be subject to such custody in the future (e.g., detainers), you must name the person in whose custody you are now <u>and</u> the Attorney General of the state in which the judgment you seek to attack was entered.

A. INFORMATION ABOUT YOUR CONVICTION AND SENTENCE

1. What sentence are you challenging in this petition?

(a) Name and location of court that imposed sentence (for example; Alameda County Superior Court, Oakland):

Lake County Superior Court        Lakeport, Ca.
Court                              Location

(b) Case number, if known __CR4593__

(c) Date and terms of sentence __12/9/98.  16 Years.__

(d) Are you now in custody serving this term? (Custody means being in jail, on parole or probation, etc.)    Yes __XX__   No ____

Where?

Name of Institution: __CSP-Solano, P.O. Box 4000, 2-204__

Address: __Vacaville, Ca. 95696-4000__

2. For what crime were you given this sentence? (If your petition challenges a sentence for more than one crime, list each crime separately using Penal Code numbers if known. If you are challenging more than one sentence, you should file a different petition for each sentence.)

Cal.P.C.§§ 245(a)(1), Assault; 242/243, Battery; 667(a), Serious Felon Enhmnt.; 667.5(a), Hab. Criminal Enhmnt.; 1170.12, Rpt. Offender Enhmnt.; 12022.7(a), Great Bodily Injury Enhmnt.

PET. FOR WRIT OF HAB. CORPUS        - 2 -

| | | | | |
|---|---|---|---|---|
| 1 | 3. Did you have any of the following? | | | |
| 2 | Arraignment: | Yes XX | No ____ | |
| 3 | Preliminary Hearing: | Yes XX | No ____ | |
| 4 | Motion to Suppress: | Yes ____ | No ____ | Don't Know |

4. How did you plead?

    Guilty ____   Not Guilty  XX   Nolo Contendere ____

    Any other plea (specify) ___N/A_____

5. If you went to trial, what kind of trial did you have?

    Jury ____   Judge alone  XX   Judge alone on a transcript ____

6. Did you testify at your trial?   Yes ____   No XX

7. Did you have an attorney at the following proceedings:

    (a) Arraignment   Yes XX   No ____
    (b) Preliminary hearing   Yes XX   No ____
    (c) Time of plea   Yes XX   No ____
    (d) Trial   Yes XX   No ____
    (e) Sentencing   Yes XX   No ____
    (f) Appeal   Yes XX   No ____
    (g) Other post-conviction proceeding   Yes ____   No XX

8. Did you appeal your conviction?   Yes XX   No ____

    (a) If you did, to what court(s) did you appeal?

    Court of Appeal   Yes XX   No ____
    Year: __1999__   Result: __Denied.__

    Supreme Court of California   Yes ____   No XX
    Year: _____   Result: __N/A__

    Any other court   Yes ____   No XX
    Year: _____   Result: __N/A__

    (b) If you appealed, were the grounds the same as those that you are raising in this

PET. FOR WRIT OF HAB. CORPUS    - 3 -

|   |   |   |   |   |
|---|---|---|---|---|
| | | petition? | Yes ____ | No __XX__ |
| | (c) | Was there an opinion? | Yes ____ | No __XX__ |
| | (d) | Did you seek permission to file a late appeal under Rule 31(a)? | | |
| | | | Yes ____ | No __XX__ |

If you did, give the name of the court and the result:

___N/A___

9. Other than appeals, have you previously filed any petitions, applications or motions with respect to this conviction in any court, state or federal?   Yes __XX__   No____

[Note: If you previously filed a petition for a writ of habeas corpus in federal court that challenged the same conviction you are challenging now and if that petition was denied or dismissed with prejudice, you must first file a motion in the United States Court of Appeals for the Ninth Circuit for an order authorizing the district court to consider this petition. You may not file a second or subsequent federal habeas petition without first obtaining such an order from the Ninth Circuit. 28 U.S.C. §§ 2244(b).]

    (a)    If you sought relief in any proceeding other than an appeal, answer the following questions for each proceeding. Attach extra paper if you need more space.

        I.    Name of Court: __Lake County Superior Court__

            Type of Proceeding: __Habeas Corpus Application__

            Grounds raised (Be brief but specific):

            a. __Illegal Sentence per Cunningham v California 549 U.S.__

            b. __Failure to Hold an Ability To Pay Hearing__

            c. _____

            d. _____

            Result: __Denied__   Date of Result: __6/18/07__

       II.    Name of Court: __California Court of Appeals, First District__

            Type of Proceeding: __Habeas Corpus Application__

            Grounds raised (Be brief but specific):

PET. FOR WRIT OF HAB. CORPUS      - 4 -

|   |   |   |
|---|---|---|
| 1 | a. | Same as above and instant petition. |
| 2 | b. | |
| 3 | c. | |
| 4 | d. | |
| 5 | Result: Denied | Date of Result: 8/2/07 |

6   III.   Name of Court: __California State Supreme Court__

7   Type of Proceeding: __Habeas Corpus Application__

8   Grounds raised (Be brief but specific):

9   a. Same as above and in instant petition

10  b.

11  c.

12  d.

13  Result: __Denied.__   Date of Result: __2/13/08__

14  IV.   Name of Court: __N/A__

15  Type of Proceeding: ____

16  Grounds raised (Be brief but specific):

17  a.

18  b.

19  c.

20  d.

21  Result: ____   Date of Result: ____

22  (b)   Is any petition, appeal or other post-conviction proceeding now pending in any court?

23           Yes ____   No __XX__

24  Name and location of court: __N/A__

25  B. GROUNDS FOR RELIEF

26  State briefly every reason that you believe you are being confined unlawfully. Give facts to

27  support each claim. For example, what legal right or privilege were you denied? What happened?

28  Who made the error? Avoid legal arguments with numerous case citations. Attach extra paper if you

PET. FOR WRIT OF HAB. CORPUS         - 5 -

1 need more space. Answer the same questions for each claim.

2 [Note: You must present ALL your claims in your first federal habeas petition. Subsequent petitions may be dismissed without review on the merits. 28 U.S.C. §§ 2244(b); McCleskey v. Zant, 499 U.S. 467, 111 S. Ct. 1454, 113 L. Ed. 2d 517 (1991).]

Claim One: ILLEGAL SENTENCE PURSUANT TO CUNNINGHAM V CALIFORNIA 549 U.S.

Supporting Facts: Please see attached **Addendum 1.**

Claim Two: Failure to Conduct an Ability To Pay Hearing.

Supporting Facts: Please see attached **Addendum 1.**

Claim Three: N/A

Supporting Facts: N/A

If any of these grounds was not previously presented to any other court, state briefly which grounds were not presented and why:

Please see attached **Addendum 1.**

PET. FOR WRIT OF HAB. CORPUS            - 6 -

1 |      List, by name and citation only, any cases that you think are close factually to yours so that they
2 | are an example of the error you believe occurred in your case. Do not discuss the holding or reasoning
3 | of these cases:
4 | Please see attached **Addendum 1.**
5 |
6 |
7 | Do you have an attorney for this petition?             Yes____     No__XX__
8 | If you do, give the name and address of your attorney:
9 | N/A
10 |      WHEREFORE, petitioner prays that the Court grant petitioner relief to which s/he may be entitled in
11 | this proceeding. I verify under penalty of perjury that the foregoing is true and correct.
12 |
13 | Executed on __3-10-08__                       *[signature: Jed Lewis jr.]*
14 |            Date                                   Signature of Petitioner

(Rev. 6/02)

PET. FOR WRIT OF HAB. CORPUS     - 7 -

**ADDENDUM 1 TO PETITION FOR WRIT OF HABEAS CORPUS**

I

THE COURT VIOLATED PETITIONER'S SIXTH AND FOURTEENTH AMENDMENT RIGHTS TO THE UNITED STATES CONSTITUTION WHEN IT IMPOSED THE UPPER TERM SENTENCE WITHOUT A JURY FINDING OF THE FACTS USED TO DEPART FROM THE STATUTORY MAXIMUM SENTENCE, AND ABSENT THE REQUISITE STANDARD OF 'PROOF BEYOND A REASONABLE DOUBT.'

FACTS

On December 8, 1998, Petitioner/defendant was sentenced to the upper term of 4 years for the violation of California Penal Code § 245(a)(1), to wit, Assault By Means of Force Necessary to Produce Great Bodily Injury (Count 1). The court also imposed the upper term on count 2, a violation of Cal. P.C. § 242/243(d), but stayed that term pursuant to Section 654 of the Penal Code. Petitioner was further sentenced to an enhancement of 3 years consecutive, pursuant to Penal Code § 12022.7(a), to wit, Infliction of Great Bodily Injury, and a further enhancement of 3 years pursuant to Penal Code § 667.5(b), but stayed the latter in light of the holding in People v Jones [Citation Omitted]. The court then doubled the base term for count one, for a total aggregate term of 16 years. (Sentencing Transcript -- hereafter 'S.T.'-- @ pp. 9-12)

The court imposed the upper term based upon the following factors that it found true, and related those factors to the corresponding portions of the California Rules of Court: 1.) Petitioner engaged in violence (CRC 4.421(a)(1) and 4.421(b)(1)); the [Petitioner] is a danger to society (CRC 4.421(b)(1)); the increasing seriousness of his crimes (CRC 4.421(b)(2)); and his unsatisfactory performance on parole (CRC 4.421(b)(5)). (S.T. p. 9)

The court found no factors in mitigation (S.T. p. 10). However, the aggravating factors found true were not charged in the original information, and were not found true beyond a reasonable doubt as is required by the Sixth and Fourteenth Amendments to the United States Constitution, but rather, by a mere

- 1 -

preponderance of the evidence, as required by the California Rules of Court (Rule 4.420(b)).

STANDARD OF REVIEW

Our inquiry begins in the United States Supreme Court with the decision of In re Winship 397 U.S. 358 (1970). Winship held that a criminal defendant is entitled to a jury determination that he is guilty of every element of the criminal offense with which he is charged, and the supporting guilty verdict be found true beyond a reasonable doubt.

In United States v Tucker 404 U.S. 443, 447 (1972), the court found the historic inseparability of verdict and judgment, and the consistent limitation of the judge's discretion highlights the novelty of a scheme that removes the jury from the determination of a fact that exposes the defendant to a penalty exceeding the maximum he could receive if punished according to the facts reflected in the jury's verdict alone.

McMillan v Pennsylvania 477 U.S. 79 (1986) was the first case in which a court used "sentencing factor" to refer to a fact not found true by a jury, but which could affect the sentence imposed by a judge. The court did not budge from the positions that: 1.) Constitutional limits exist to state's authority to define away facts necessary to constitute a criminal offense; and 2.) a state scheme which keeps from the jury facts exposing defendants to a greater or additional punishment may raise serious constitutional concerns (Id. 85-88).

In Almendarez-Torres v U.S. 523 U.S. 224 (1999), the court held a federal law allowing a judge to impose an enhanced sentence based on prior convictions not alleged in an indictment represents, at best, an "exceptional" departure from the historic practice.

Thus McMillan v Pennsylvania, supra, 477 U.S. at 85-88, warned all state

- 2 -

sentencing schemes which kept facts from the jury that would expose a defendant to greater or additional punishments, that they were in the cross-hairs of the High Court's concerns as far as running afoul of the protections of the U.S. Constitution. However, the states ignored the warning from the Court, and there began a line of cases declaring various states' sentencing schemes as unconstitutional. For ripe examples of decisions exhibiting this impact see Apprendi v New Jersey 530 U.S. 466 (2000); Blakely v Washington 542 U.S. 296 (2004); and, Cunningham v California 549 U.S. ___ (2007).

In Cunningham v California 549 U.S. ___ (2007), the court found that California Penal Code Section 1170.1 allowed judges to impose upper terms on range sentences, based on facts not found by a jury utilizing the requisite 'proof beyond a reasonable doubt,' but rather those factors found true by a judge by a mere preponderance of the evidence (as mandated by the California Rules of Court which outlines factors upon which a court may consider factors in aggravation). This scheme allowed judges to impose upper terms on sentences which mandated maximum mid-term ranges based on jury findings on charges pled and proven, and gave judges levity to increase those mandatory mid-range sentences, the very type of which were addressed in McMillan v Pennsylvania, supra, and have now come to knock upon California's judicial closet door in order to correct sentencing errors that may be an entire generation old, based on the date of the relevant holdings and admonitions regarding esoteric sentence schemes versus constitutional protection concerns.

Because the departure from the statutory maximum mid-term of a range sentence to the greater or additional punishment of the upper term, based upon factors neither complained of in the original proceedings, nor found true by a jury utilizing the constitutionally protected standard of 'proof beyond a reasonable doubt,' but rather determined by the trial judge using the

- 3 -

'preponderance of the evidence' standard, petitioner's sentence is constitutionally invalid in that the trial court exceeded its authority and its jurisdiction by engaging in a sentencing procedure which runs afoul of the constitutionally protected due process of law. (Cunningham v California 549 U.S. ___ (2007); McMillan v Pennsylvania 477 U.S. 79, 85-88, 91 (1986).)

Further, because defense counsel opposed the findings of the aggravating factors (S.T. pp. 7-8) and presented a reasonable defense to those facts, it cannot be assumed this constitutional error is harmless.

Furthermore, in a sentence which exceeds the court's jurisdiction, i.e., one that it is not authorized to impose, and performs acts it is not authorized to perform, the resulting sentence must be a legal nullity. (U.S. v Berke 170 F.3d 882, 883 (9th Cir. 1999))

II

THE COURT VIOLATED THE TERMS OF CALIFORNIA PENAL CODE § 1202.4 WHEN IT DECIDED THAT PETITIONER SHOULD BE LIABLE TO PAY A FINE AND RESTITUTION IN EXCESS OF $50,000.00 WITHOUT THE BENEFIT OF HAVING AN ABILITY TO PAY HEARING AND THEREBY DECIDING, SUA SPONTE, THAT PETITIONER WAS, INDEED, IN A POSITION AT SENTENCING, AND WOULD BE IN THE FUTURE, TO PAY SUCH AN AMOUNT.

FACTS

At the time of sentencing the petitioner, the trial court ruled that he should be liable to pay a "restitution fine" of 46,000.00. The court went further on to deem that the petitioner should pay another fine in the same amount should his parole become revoked (Cal. P.C. § 1202.45) Then, the court went on to further deem that the petitioner pay, "a restitution in the amount to be determined later but not to exceed $46,000.00." (S.T. p. 12)

STANDARD OF REVIEW

"Since it is a collateral attack on a judgment [i.e. restitution fine], habeas corpus does not lie unless the asserted defect in the proceedings constitutes a fundamental jurisdictional or constitutional error. (Citations) California decisions make clear that the concept of fundamental jurisdictional error, for the purpose of a writ of habeas corpus, is no longer strictly limited to cases in which the trial court wholly lacks jurisdiction over the person of the defendant or the subject matter of the proceeding; the concept encompasses any error of sufficient magnitude that the trial court may be said to have acted in excess of jurisdiction. (Citations)..." (In re Sands 18 Cal.3d 851, 856-857 (1977).)

In People v Frye 21 Cal.App.4th 1483 (1994), the court determined that a defendant had a due process right to an ability to pay hearing, regarding criminal fines. In People v Wilson 94 DJDAR 421, the court held that the amendment to the court was retroactive and abrogated the previous code, thereby allowing defendants to challenge their restitution fines, where they had not received an ability to pay hearing. This theme is carried out in People v Scott 9 Cal.4th 331 (1994), where it states that to have an ability to pay hearing is a right, and the failure to hold such a hearing was an abuse of the court's discretion. (see also People v Salee 35 Cal.App.4th 27, 20 (1995).)

In People v Neal 19 Cal.App.4th 1114, 1120, the court there held that a sentence that is not authorized by law exceeds the jurisdiction of the court. People v Zito 8 Cal.App.4th 736 (1992) stated that an order imposing a fine without an ability to pay hearing is an unauthorized sentence, and is reviewable at anytime discovered (Id. at 743).

Petitioner here cites two particular cases in support of his request, and these should be highlighted for the court: People v Salee, supra, and People v

- 5 -

Zito, supra,. The imposition of a restitution fine is deemed to be punishment. "...In...Walker...the California Supreme Court stated, [a]lthough the purpose of a restitution fine is not punitive, we believe its consequences to the defendant are severe enough that it qualifies as punishment...'...Just as a plea bargain violation may also have a serious effect..." (Zito, supra, at p. 741) The imposition of a restitution fine without an ability to pay hearing is in excess of the court's authority and is thus subject to review by way of habeas corpus, and the failure to assert such a right by way of appeal is not a waiver of the right to litigate the issue. "'It is well established that when the trial court pronounces a sentence which is unauthorized by the Penal Code, that sentence must be vacated and a proper sentence imposed whenever the mistake is appropriately brought to the attention of the trial court or the reviewing court.' This rule also applies to sentences which are unauthorized because of an error in the matter of restitution (Citations)..." (Zito, supra, at p. 741)

Therefore, the petitioner hereby requests that, as the court sees fit to set other matters within this petition for hearing and re-sentencing, the matter of restitution fines and an ability to pay hearing be conducted wherein it may be determined by this court that he does not, in fact and by law, have the means to satisfy any restitution fide amounts in excess of the statutory minimum of $200.00. Because it is held by the California Supreme Court that restitution fines are a significant portion of a defendant's sentence, the court may not be so burdensome as to simply saddle a defendant with the onus of payment of a fine for which he may never be in a position to satisfy, absent the court hear the matter fully and consider evidence that a petitioner may, in fact, satisfy such a sentence requirement, and subject such portions of this evidence to a proper standard of proof, i.e., proof beyond a reasonable doubt.

CONCLUSION

Wherefore, the court, as a matter of law, must vacate the petitioner's sentence and schedule a re-sentencing hearing, replete with the necessary judgment and applications regarding sentence aggravating and/or mitigating factors and standard of proof in mind, consider his ability to pay any more than the statutory minimum of $200.00 on the fine imposed by the court, and appoint competent counsel in order to protect petitioner's constitutional interests herein.

Respectfully Submitted,

*[signature]*
Ted Lewis, Jr.   Petitioner in Pro Se

DATE: March 10, 2008

CSP SOLANO
STATE PRISON

$ 02.16

United States District Court
Northern District of California
U.S. Courthouse, 450 Golden Gate Ave.
San Francisco, Ca. 94102-3483

RECEIVED
MAR 1 2 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

TED LEWIS, JR., P-21012
CSP / SOLANO, 2-204-L
P.O. BOX 4000
VACAVILLE, CA.   95696-4000

California State Prison - Solano

LEGAL MAIL

03/10/08